IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     *Plaintiff*, ) | |
| ) | Case No. 18 CR 356-4 |
| ) | |
| v. ) | |
| ) | Honorable Manish S. Shah |
| IVAN WALTON, ) | *Judge Presiding* |
|     *Defendant.* ) | |

## DEFENDANT IVAN WALTON'S MOTION FOR TEMPORARY RELEASE PENDING SENTENCING

Defendant, Ivan Walton, by counsel, Susan Pavlow, pursuant to the provisions of 18 U.S.C. §§3143 and 3145, respectfully requests that this Court permit Defendant to be released to home incarceration pending his sentencing hearing. The following is offered in support of this motion.

1. The indictment charges Ivan Walton ("Walton") with conspiracy to possess with intent to distribute and distribute a controlled substance in violation of 21 U.S.C. §846 (Count One); and a money laundering conspiracy in violation of 18 U.S.C. §1956 (Count Four).

2. On June 13, 2018, Walton was released subject to pretrial bail conditions.

3. On March 5, 2020, Walton pled guilty to Counts One and Four pursuant to a Rule 11(c)(1)(C) plea agreement. Following his guilty plea, the Court revoked his bond pursuant to 18 U.S.C. §3143(a)(2).

1

4. On May 22, 2020, defense counsel for Mr. Walton filed an Emergency Motion for Bail/Release Pending Sentencing. Dkt. 121. On May 26, 2020, Judge Feinerman, acting as Emergency Judge, denied the motion stating that the defendant had not "indicated that he has medical conditions that place him at higher risk due to COVID-19, and there are no reported cases of the disease at the facility…where he is being detained." Dkt. 122.

5. On May 27, 2020, Mr. Walton filed a *pro se* motion for emergency release. Dkt. 125. On May 29, 2020, this Court denied the *pro se* motion citing the reasons articulated in Judge Feinerman's denial of the motion filed on May 22, 2020. Dkt. 126.

6. On June 15, 2020, Mr. Walton filed a *pro se* Motion to Supplement and/or Amend his motion for emergency release, along with affidavits. Dkt. 133-35.

7. On June 19, 2020, Mr. Walton filed a *pro se* notice of appeal. Dkt. 138.

8. On June 20, 2020, Mr. Walton filed a Motion for emergency relief and appeal of release or detention order with the Seventh Circuit. *United States v. Walton*, Case No. 20-2098, Dkt. 5 (7th Cir. June 20, 2020).

9. On June 23, 2020, this Court denied Mr. Walton's *pro se* Motion to Supplement and/or Amend stating that because Defendant was represented by counsel, he may not file motions *pro se*. Dkt. 136.

10. On August 14, 2020, the Seventh Circuit denied the Motion for emergency relief and appeal of release or detention order "without prejudice to the

2

district court's consideration of a renewed motion in that court." *United States v. Walton*, Case No. 20-2098, Dkt. 10 (7th Cir. Aug. 14, 2020).

11. On August 26, 2020, Mr. Walton, through counsel, filed a Motion for Temporary Release Pending Sentencing. On September 10, 2020, following argument from both parties, this Court denied the motion.

12. Recognizing the seriousness of the charge and his prior history, Mr. Walton respectfully submits that temporary release from custody is nonetheless appropriate in this case. *See*, 18 U.S.C. §3145(c). As a result, he renews his motion for release pending sentencing and proffers additional information not previously presented, specifically, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and the increased number of COVID-19 cases nationwide and within Jerome Combs Detention Center ("JCDC").

13. A defendant subject to detention pursuant to 18 U.S.C. §3143(a)(2), may nonetheless be released if the judicial officer finds (1) by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released, and (2) that it is clearly shown that there are exceptional reasons why the defendant's detention would not be appropriate. 18 U.S.C. §3145(c).

14. Courts determine what circumstances qualify as "exceptional" on a case-by-case basis. *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992) (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2nd Cir. 1991)). "[T]he test

3

under §3145(c) is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as 'exceptional.'" *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004)

15. █████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

16. As stated in Mr. Walton's prior motion for release, ███████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████ *See*, medical records, filed as Exhibit A in previous motion, Dk. #163. These underlying medical conditions render him particularly vulnerable to serious complications associated with COVID-19. The CDC has stated that people of all age with certain underlying health conditions might be at a higher risk for severe illness from COVID-19, ███████ ███████████████████████████ *People with Certain Medical Conditions* (Aug. 14, 2020), https://www.cdc.gov/ coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions. html?CDC_AA_refVal=https %3A%2F%2Fwww.cdc.gov%2F coronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html. The CDC has issued guidance that individuals at higher risk take immediate preventative actions, including avoiding crowded areas and staying home as much as possible. *Id.* ███████████

4

██████████████████████████████████████

██████████████████████████████████████

17. Mr. Walton's continued detention at the JCDC in Kankakee, Illinois puts his health at significant risk. At the last bond hearing, it was proffered that Kankakee had no positive COVID-19 cases. Recently, on December 22, 2020, JCDC confirmed that detainees in the facility had contracted COVID-19 in October and December. *Medical Staff at JCDC Tends to Multiple Detainees that Test Positive for the Coronavirus*, Kankakee County Sheriff's Office (Dec. 22, 2020), available at http://kankakeecountysheriff.com/medical-staff-at-jcdc-tends-to-multiple-detainees-test-positive-for-the-coronavirus/. The press release, however, fails to indicate how many individuals have tested positive. *Id.* Unlike most other detention facilities, including the Bureau of Prisons, Illinois Department of Corrections, and the Cook County Department of Corrections, the number of COVID-19 cases within the JCDC are not available publicly online. This lack of transparency is concerning. In Kankakee County, where the JCDC is located, there are 10,717 confirmed cases, as well as 152 COVID-19 related deaths and 5,616 recoveries. *COVID-19 Response and Recovery*, Kankakee County Department of Health (Jan. 5, 2021), available at https://www.kankakeehealth. org/infectious-disease/covid-19-response-and-recovery/. Since Mr. Walton's previous filing, the number of confirmed COVID-19 cases in Kankakee County has increased by approximately 400%.

18. Prisons are a hotbed for COVID-19 transmission. Even with the best intentions, conditions of pretrial confinement, no matter the facility, create the ideal

5

environment for the transmission of contagious diseases. According to public health experts, incarcerated individuals "are at special risk of infection, given their living situations," and "may also be less able to participate in proactive measures to keep themselves safe, and infection control is challenging in these settings." *Achieving a Fair and Effective COVID-19 Response: An Open Letter to Vice-President Mike Pence, and Other Federal, State and Local Leaders from Public Health and Legal Experts in the United States*, (March 2, 2020), https://law.yale.edu/sites/default/files/area/center/ghjp/documents/final_covid-19_letter_from_public_health_and_legal_experts.pdf.

19. ███████████████████████████████████████

20. In addition, Mr. Walton's ongoing cooperation with the government supports his release pending sentencing. Several courts have found this to be an important factor to consider when deciding if exceptional reasons exist for temporary release. *See United States Mitchell*, 358 F.Supp.2d 707 (E.D. Wis. 2005) (finding that even though defendant's cooperation was completed, it was still a factor to be considered in releasing the defendant pending sentencing); *United States v. Green*, 250 F.Supp.2d 1145, 1150 (E.D. Mo. 2003) (stating that "the extent and effect of the defendant's cooperation with the Government" was an appropriate factor to be considered when deciding whether a defendant should be released pending sentencing).

21. Mr. Walton does not pose a flight risk and is not a danger to the community. He is a forty-seven-year-old man and maintains strong ties to the Chicago area. During the pendency of this case, Walton was on pretrial release for approximately nineteen (19) months. Since being taken into custody on March 5, 2020, Mr. Walton has taken several courses, including paralegal studies and bible study.

22. The defense proposes that Mr. Walton be released on home incarceration with electronic monitoring to his mother's home. His mother is willing to be a third-party custodian[1]. Furthermore, Mr. Walton can be placed on GPS monitoring and subject to any other conditions the Court deems proper.

---

[1] Defendant can provide contact information for his mother and the address to pretrial services.

In light of the above, Defendant Ivan Walton requests that this Court grant his motion and release him from custody pending sentencing, subject to home incarceration with monitoring, a third-party custodian, and any other conditions the Court deems are appropriate.

                                    Respectfully submitted,

                                    /s/ *Susan M. Pavlow*
                                    Attorney for defendant

SUSAN M. PAVLOW
Attorney for defendant
53 West Jackson Boulevard, Suite 1215
Chicago, Illinois 60604
312-322-0094
smpavlow@mac.com

### CERTIFICATE OF SERVICE

I hereby certify that Defendant Ivan Walton's Renewed Motion for Temporary Release Pending Sentencing was served on the 5th day of January, 2021, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                  /s/ *Susan M. Pavlow*
                                  Susan M. Pavlow